**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **MARLON PERCY BRAMWELL**<br>**FED. REG. NO. 37553-004** | **CIVIL ACTION NO. 3:15-cv-1652**<br><br>**SECTION P** |
| **VS.** | **JUDGE ROBERT G. JAMES** |
| **WARDEN, U.S.P. – McREARY AND THE STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Marlon Percy Bramwell, a prisoner in the custody of the United States Bureau of Prisons, who is incarcerated at the United States Penitentiary, McCreary in Pine Knot, Kentucky, filed a pleading entitled "On Application for Fed. R. Civ. P. 60(d)(1) and Fed. R. Civ. P. 15(c)(1)(B) from the Supreme Court of Louisiana" on May 4, 2015. By this pleading, it appears that petitioner once again seeks to collaterally attack his 1989 conviction in the Fourth Judicial District Court, Ouachita Parish, for conspiracy to possess cocaine.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that petitioner's "Application" be deemed a successive petition for writ of *habeas corpus* and **DISMISSED** for want of jurisdiction.

***Statement of the Case***

On December 6, 1989, petitioner pled guilty to one count of conspiracy to possess cocaine and on February 8, 1990, he was sentenced to serve 2 ½ years at hard labor in the matter entitled *State of Louisiana v. Marlon Percy Bramwell*, No. 48,831 of the Fourth Judicial District

Court, Ouachita Parish, Louisiana. [Doc. 1-2, pp. 5-22]

He was thereafter convicted of conspiracy to distribute crack cocaine in the United States District Court for the Eastern District of Virginia; apparently his Louisiana conviction, along with other factors, was taken into account when petitioner was sentenced.

His collateral attacks on the Ouachita Parish conviction in the Louisiana courts were unsuccessful. *State of Louisiana ex rel. Marlon Percy Bramwell v. State of Louisiana*, 97-2510 (La. 4/3/1998), 717 So.2d 229 (dismissed as time-barred by the provisions of La. C.Cr.P. art. 930.8); *State of Louisiana ex rel. Marlon Percy Bramwell v. State of Louisiana*, 98-3204 (La. 4/23/1999), 747 So.2d 876 (dismissed at time-barred by the provisions of La. C.Cr.P. art. 930.8 and successive by the provisions of La. C.Cr.P. art. 930.4(D)); *State of Louisiana ex rel. Marlon Percy Bramwell v. State of Louisiana*, 2010-1433 (La. 6/17/2011), 63 So.3d 1035 (dismissed without comment); *State of Louisiana ex rel. Marlon Percy Bramwell v. State of Louisiana*, 2013-2330 (La. 5/23/2014), 140 So.3d 717 (dismissed at time-barred by the provisions of La. C.Cr.P. art. 930.8 and successive by the provisions of La. C.Cr.P. art. 930.4(D)).

On February 1, 1999, while he was an inmate at the U.S. Penitentiary, Lompoc, California, he filed in this court a *pro se* "Petition for Writ of Error *Coram Nobis* Based on an Undisclosed Conflict of Interest of Counsel Which Denied Defendant the Constitutional Right to Counsel." That action was a collateral attack on his Louisiana conviction because, although the Louisiana sentence had been served when the pleading was filed, it was nevertheless "... used ... to increase his Federal Sentence." He prayed for expungement of the Louisiana conviction. The pleading was ultimately construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 and dismissed as untimely pursuant to 28 U.S.C. §2244(d). *See Marlon Percy*

*Bramwell v. Warden, U.S.P. Lompoc*, No. 3:99-cv-0233 at Docs. 1 (petition, February 1, 1999), 4 (Report and Recommendation, April 19, 1999), 5 (Judgment, June 7, 1999); and 8 (denial of Certificate of Appealability (COA), July 13, 1999). Thereafter, on March 21, 2000, his motion for COA was denied by the United States Fifth Circuit Court of Appeals. *Bramwell v. Warden*, 99-30737.[1]

He filed a second petition for writ of error *corum nobis* in this Court on July 6, 1999; however, that pleading was stricken on September 15, 1999, when petitioner failed to submit either the filing fee or a completed *in forma pauperis* application. *Bramwell v. Warden*, No. 3:99-cv-1204.

On January 13, 2012, he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 in this Court. He collaterally attacked the Ouachita Parish conviction on the grounds that – (1) his guilty plea was invalid because his attorneys tricked him into pleading guilty; (2) his attorneys rendered ineffective assistance when they lied to petitioner to obtain his guilty plea; (3) his attorneys had an undisclosed conflict of interest by multiple representation; (4) ineffective assistance of appellate counsel; and (5) continuing harm and prejudice. On March 3, 2012, a Report recommended that the petition be deemed successive and that it be transferred to the United States Fifth Circuit Court of Appeals since this Court lacks jurisdiction to entertain a

---

[1] The Fifth Circuit observed, " A COA is not necessary to appeal from an order denying *coram nobis* relief. [citation omitted] However, as Bramwell wishes to challenge the validity of a prior state conviction used to enhance his current federal sentence, the district court lacked jurisdiction to entertain a request for *coram nobis* relief. [citation omitted] The appeals is dismissed with regard to Bramwell's request for *coram nobis* relief. Bramwell does not challenge the district court's denial of relief under §2254; therefore, he has failed to make a substantial showing of the denial of a constitutional right with regard to that issue and his motion for COA is denied. 28 U.S.C. §2253(c)(2)." *Bramwell*, 99-30727 at p. 2.

successive petition for *habeas corpus* until such time as the petition is authorized by the Court of Appeals. On June 8, 2012, the recommendation was adopted and the petition was transferred to the Fifth Circuit for further proceedings. *Marlon Percy Bramwell v. Warden F.C.I., McDowell*, No. 3:12-cv-0078 at Docs. 1 and 5 (petitions); 8 (Report and Recommendation); 12 (Judgment); and, 15 (reconsideration denied). On November 20, 2012, petitioner's application for COA was denied by the Fifth Circuit. *Marlon Percy Bramwell v. State of Louisiana*, No. 12-30772. Thereafter, on December 4, 2012, petitioner's motion for authorization to file a successive *habeas* petition was denied by the Fifth Circuit Court of Appeals. *In re: Marlon Percy Bramwell*, No. 12-30769.

As noted above, the instant civil action began when petitioner filed his *pro se* "Application" pursuant to FRCP Rule 60(d)(1) on May 4, 2015. [Doc. 1] Since it appeared from that pleading that he ultimately sought to collaterally challenge the Ouachita Parish conviction, it was construed as a petition for writ of *habeas corpus* filed pursuant to Section 2254 and petitioner was directed to re-submit his pleading on the form supplied to prisoners seeking *habeas* relief pursuant to the statute. [Doc. 3] On June 8, 2012, petitioner complied with the order and submitted his pleading on the form provided. [Doc. 4] However, on the same date he filed an "Objection to the Court Construing This Petition Pursuant to Fed. R. Civ. P. 60(d)(1) and Fed. R. Civ. P. 15(c)(1)(B) [as] a Second or Successive 28 U.S.C. §2254" because "[t]he factual predicate of the claims presented in *Lafler*, and *Frye*, could not have been discovered through the exercise of due diligence, until the Supreme Court ruled on similar issues that was presented in a prior petition pursuant to La. Code Crim. 930.8. See 28 U.S.C.S. §2244(d)(1)(D) ... Thus Rule 60(d)(1) and Rule 15(c)(1)(B), is the proper vehicle to prevent a grave miscarriage of justice

from continuing on." [Doc. 5, p. 2]

***Law and Analysis***

It remains unclear which judgment petitioner seeks relief from or reconsideration of. In his original motion, petitioner alleged that following the Supreme Court's decisions in *Lafler v. Cooper*, — U.S. — , 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012) and, *Missouri v. Frye*, — U.S. — , 132 S.Ct. 1399, 1407–08, 182 L.Ed.2d 379 (2012), his petition for reconsideration was denied by the Fourth Judicial District Court on May 22, 2013, by the Second Circuit Court of Appeal on August 13, 2013, and by the Louisiana Supreme Court on May 23, 2014. [Doc. 1, p. 2] In support of his motion he filed copies of the judgments of those Louisiana courts denying his latest round of post-conviction relief. [Doc. 1-2] Petitioner also cited FRCP Rule 15(c)(1)(B) which provides that an amended pleading relates back to the date of the original pleading under certain conditions; and, he alleged that his current claims for relief, based on *Lafler* and *Frye,* should therefore relate back to his original post-conviction application, filed in the State court on April 14, 1993. He concluded, "Petitioner avers that *Lafler v. Cooper* and *Missouri v. Frye* was not available at the time he filed his petition pursuant to [La. C.Cr.P. art. 930.8], it became available some years later. Thus those claims are now ripe for review. Hence Rule 60(d)(1) it the proper vehicle to address those issues." [Doc. 1, p. 7]

In his "Objection" filed on June 8, 2015, he claimed that he "... has shown due diligence over the years trying to get the State Court to fully adjudicate[ ] those issues herein. Thus Rule 60(d)(1) and Rule 15(c)(1)(B ) is the proper vehicle to prevent a grave miscarriage of justice from continuing on." [Doc. 5]

Since this Court lacks jurisdiction to provide relief from the State courts' judgments, it

must be presumed that petitioner seeks relief from or reconsideration of either the judgment in his original *habeas corpus* action, *Marlon Percy Bramwell v. Warden, U.S.P. Lompoc*, No. 3:99-cv-0233; or the judgment in the subsequent action which was ultimately deemed successive, *Marlon Percy Bramwell v. Warden F.C.I., McDowell*, No. 3:12-cv-0078; *In re: Marlon Percy Bramwell*, No. 12-30769.

As noted above, both actions were filed as applications for writs of error *corum nobis*, but since both attacked a State court conviction on the grounds of ineffective assistance of counsel, both were construed as petitions for writ of *habeas corpus* pursuant to 28 U.S.C. §2254.

Petitioner now implies that he is entitled to relief from or reconsideration of one or both of these judgments because of the two subsequently decided United States Supreme Court cases, namely, *Lafler v. Cooper*, — U.S. — , 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012) and, *Missouri v. Frye*, — U.S. — , 132 S.Ct. 1399, 1407–08, 182 L.Ed.2d 379 (2012).

As petitioner is aware, Title 28 U.S.C. §2244(b)(1) and (2) authorize dismissal of "second and successive" *habeas corpus* petitions; §2244(b)(3) directs a petitioner filing a "second and successive" *habeas* to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court.

A motion arising under FRCP Rule 60 which presents a "claim" for *habeas corpus* relief must be considered "second and successive" and therefore subject to the gate keeping provisions of §2244(b). If a Rule 60 Motion is construed as a "second and successive" *habeas*, the District Court must dismiss for lack of jurisdiction. However, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no

inconsistency with the *habeas* statute or rules." *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60 motion must be construed as a *habeas* claim "... when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007), citing *Gonzalez v. Crosby, supra*. (Emphasis supplied)

Petitioner's Motion asserts that he is entitled to *habeas corpus* relief because he received ineffective assistance of trial counsel. He claims counsel misled him as to the evidence and tricked him into pleading guilty. As noted above, in his first *habeas* petition petitioner raised a claim of ineffective assistance of counsel based on a conflict of interest. *See Marlon Percy Bramwell v. Warden, U.S.P. Lompoc*, No. 3:99-cv-0233. In a subsequent petition – the one which was deemed successive and transferred to the Fifth Circuit – he alleged claims more or less identical to the claims he is raising herein, namely ineffective assistance of counsel based on counsel's trickery and bad advice. *See Marlon Percy Bramwell v. Warden F.C.I., McDowell*, No. 3:12-cv-0078; *In re: Marlon Percy Bramwell*, No. 12-30769.

No matter how designated, the instant civil action clearly seeks to re-litigate petitioner's ineffective assistance of counsel claims based upon his assertion that the Supreme Court's 2012 decisions in *Lafler* and *Frye* announced a new rule of Constitutional law that would now permit his time-barred *habeas* to proceed.[2] However, as noted above, a Rule 60 motion must be

[2] He implies that pursuant to 28 U.S.C. §2244(d)(1)(C), which reckons the AEDPA's limitation period from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review....", *Lafler* and *Frye* would now permit him to overcome the Section 2244(d)(1)(A) time-bar that was imposed to dismiss his first

construed as a *habeas* claim "... when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007), citing *Gonzalez v. Crosby, supra*.

In short, notwithstanding petitioner's protestations, his pleadings are clearly an attempt to mount yet another collateral attack on his State court conviction by raising claims of ineffective assistance of counsel. His Rule 60 motion must be construed as a successive petition for *habeas corpus* relief filed pursuant to Section 2254.

---

*habeas* petition. As such he suggests that these cases announced a constitutional right newly recognized by the Supreme Court which was in turn made retroactively applicable to cases on collateral review. In *Frye*, the Supreme Court held "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S.Ct. at 1408. In *Lafler*, 182 L.Ed.2d 398 (2012) the Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." 132 S.Ct. at 1387. Together these cases extended a criminal defendant's Sixth Amendment right to counsel to the plea negotiation stage and set the standards for how to analyze such claims in accordance with the landmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

However, the Fifth Circuit has already determined, albeit in a different context, that *Lafler* (and *Frye* by extension) did not announce a new rule of constitutional law because it merely applied the Sixth Amendment's right to counsel to a specific context. *See In re: King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam). Other courts have agreed with that assessment. *See United States v. Lawton,* 506 Fed. Appx. 722 (10th Cir. 2012), citing *King*, *supra*, as well as *Hare v. United States*, 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re: Arras*, No. 12–2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive § 2255 motion because *Lafler* did not establish a new rule of constitutional law); *In re: Perez*, 682 F.3d 930, 932–34 (11th Cir.2012); see also *United States v. King*, 4 F.Supp.3d 114, 120 (D.D.C. 2013) ("Because the holding in *Lafler* was dictated by Supreme Court precedent, it is not a new right...") Further, even if *Lafler* or *Frye* were said to have announced a new right, petitioner has not, nor can he, point to any Supreme Court or Fifth Circuit cases that hold that their holdings may be applied retroactively.

In other words, *Lafler* and *Frye* would not provide the basis for a timely *habeas* petition.

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the third petition for *habeas corpus* filed by this petitioner. The petition attacks the same convictions which were the subject of his first two petitions. Petitioner's claims could have been raised in his first petition which was dismissed with prejudice as time-barred. Therefore, this petition is successive.[3] Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's "On Application for Fed. R. Civ. P. 60(d)(1) and Fed. R. Civ. P. 15(c)(1)(B) from the Supreme Court of Louisiana" be construed as a petition for *habeas corpus* filed pursuant to 28 U.S.C. §2254; that it be deemed successive; and, that it be **DISMISSED** for lack of jurisdiction because petitioner did not obtain permission from the United States Fifth Circuit Court of Appeals prior to filing.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

[3] Although a dismissal based on the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir.2009) (*per curiam* ).

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 14, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**